## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   KATHERINE PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIV-23- 199-R |
| | ) | |
| 1.   PARC PLACE MEDICAL | ) | |
| RESORT, A TRADENAME | ) | |
| FOR PARC PLACE | ) | |
| OPERATIONS, LLC, and | ) | |
| 2.   DIAKONOS GROUP, LLC, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | **ATTORNEYS LIEN CLAIMED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Katherine Phillips, and for her Complaint against the Defendants, alleges and states as follows:

## PARTIES

1. Plaintiff, Katherine Phillips, is an adult female resident of Oklahoma County, Oklahoma.

2. Defendants are:

 a. Parc Place Medical Resort, LLC, ("Parc Place"), a trade name for Parc Place Operations, LLC, an entity doing business in and around Oklahoma County, Oklahoma; and

 b. Diakonos Group, LLC, ("Diakonos Group"), an entity doing business in and around Oklahoma County, Oklahoma.

1

## JURISDICTION AND VENUE

3. This is a cause of action arising out of Plaintiff's former employment with Defendants and is based on the following claims: (a) disability discrimination and retaliation for having requested reasonable accommodations in violation of the Americans with Disabilities Act ("ADA") and ADA Amendments Act ("ADAAA"); (b) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); (c) gender discrimination, sexual harassment, the creation of a sexually hostile work environment and retaliation for complaining of the same in violation of Title VII; (d) race discrimination in violation of 42 U.S.C. § 1981; and (e) race discrimination in violation of Title VII.

4. Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331.

5. To the extent required, Plaintiff has exhausted her administrative remedies as to the above-listed claims by timely filing an EEOC Charge of Discrimination on or about June 2, 2022. A Dismissal and Notice of Rights letter was issued from the EEOC dated December 8, 2022, which Plaintiff received thereafter. And, Plaintiff has timely filed this action within ninety (90) days of receipt of her notice of right to sue.

6. All acts complained of herein occurred in or around Oklahoma County, Oklahoma. Oklahoma County is located within the Western District of the United States District Court of Oklahoma. Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

7. Defendant Parc Place Medical Resort, a trade name for Parc Place Operations,

LLC, is a short-term acute care facility in Oklahoma City, Oklahoma, operated by Diakonos Group, LLC.

8.  Plaintiff (who is a White female, DOB: 8/1968), was hired as the Culinary Director/Food Supervisor in or around August 2021 by then-Director Dorothy Joyce Ferguson. Plaintiff's start date was in or around September 2021.

9.  Plaintiff satisfactorily performed her job, and she received compliments on her work.

10. Indeed, in or around early-December 2021, Kim Sagesse, (who is significantly younger than Plaintiff) who had replaced Ferguson, told Plaintiff that John Harrison, who served as the Executive Chef for all facilities, asked if Sagesse was happy with Plaintiff.

11. Sagesse said she shared she was pleased with Plaintiff and the food she prepared for the residents.

12. Despite this, after Plaintiff requested reasonable accommodations for a medical condition from which she suffered and reported having been sexually harassed, Sagesse told Plaintiff on or about February 14, 2022 that her position would not be held for her.

13. Particularly, in or around mid-December 2021, Plaintiff, who suffered from carpal tunnel syndrome, learned she would have to undergo surgery on or about January 31, 2022, with two (2) months anticipated for recovery.

14. As a result of her medical condition, Plaintiff was a qualified individual with a disability, in that, she had a physical impairment that substantially limited her ability to perform one or more major life activities, including *inter alia* her ability to lift, grasp and

3

perform certain manual tasks.

15. Her condition also substantially impacted her internal bodily processes, including *inter alia* to her nerve and musculoskeletal system. She also has a record of and/or was perceived as having such an impairment.

16. At all relevant times though, she was able to perform her job with or without reasonable accommodations.

17. On or about December 20, 2021, Plaintiff notified Executive Chef Harrison and Director Sagesse (both of whom are significantly younger than Plaintiff) of her upcoming need for leave, explaining she was having surgery on both hands due to carpel tunnel syndrome.

18. Initially, Harrison and Sagesse did not express any issue with accommodating Plaintiff's leave request.

19. However, on or about December 21, 2021, Harrison told Plaintiff that he had spoken with Regional Director of Operations Marla Costello and angrily stated he was not going to have "one kitchen manager sitting on their a**, telling another kitchen manager what to do!"

20. On or about December 22, 2021, Plaintiff sent an email to Sagesse, Harrison and Costello, complaining about the manner in which she was treated by Harrison.

21. She stated that she felt she was being treated unfavorably because of her medical condition and retaliated against for requesting reasonable accommodations.

22. She explained that she loved her job, but feared she was being forced out or

would be fired.

23. Thereafter, Plaintiff began to prepare for her medical leave of absence. She told Sagesse she could return sooner than two months after surgery, but would need an accommodation as she would be limited in tasks she could perform with her hands.

24. Sagesse told Plaintiff that she did not need to return any sooner, saying Harrison could do the job in her absence.

25. In or around early to mid-January, 2022, Plaintiff was authorized to hire Darrin Chaney (who is Black) as a cook to assist with kitchen responsibilities in her absence.

26. On or about January 30, 2022, Plaintiff was sexually assaulted at work by Chaney the morning before her scheduled surgery.

27. Particularly, she had asked Chaney to follow her to the laundry room to show him how to wash dirty towels. After loading the towels, they began to exit the laundry room.

28. Chaney, who was behind Plaintiff, wrapped his arm around her neck, almost in a head-lock position, and began forcibly kissing her neck.

29. Plaintiff rejected Chaney's unwelcome sexual advances, pushing him away from her and ultimately escaping his grasp.

30. She then left the laundry room and maintained her distance from Chaney.

31. Plaintiff was in fear and shock. Later that day, Plaintiff told two floor nurses about Chaney's conduct. They told Plaintiff she had to report the matter and that Chaney had been following around other female staff and asking them out.

32. On previous occasions, Chaney had attempted to give Plaintiff unwanted back

massages in her office, which she evaded by shaking him off and walking away.

33. After leaving work that day (on or about January 30, 2022), Plaintiff sent an email to Sagesse, reporting the sexual harassment.

34. Plaintiff then had her surgery on or about January 31, 2022.

35. On or about February 1, 2022, Sagesse called Plaintiff, saying she received the email from Plaintiff and an investigation was being conducted.

36. On or about February 14, 2022, Sagesse called Plaintiff while Plaintiff was on medical leave, saying the investigation into her allegations were "inconclusive."

37. She then also told Plaintiff that they could not hold her position for her while she was on medical leave.

38. Sagesse told Plaintiff that she could apply for a cook position if she wanted to return.

39. Sagesse told Plaintiff (a White female, age 53 at the time) that she was not being fired, but that Defendant was posting her position, effectively terminating her.

40. On the other hand, Chaney, a Black male, was allowed to continue his employment.

41. In or around March 2022, Plaintiff called Sagesse and asked about applying for a cook position. However, Sagesse said there was not a cook position available.

42. As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries described hereafter.

### COUNT I: ADA/ADAAA

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

43. The matters alleged above constitute disability discrimination and retaliation for having requested reasonable accommodations in violation of the ADA and ADAAA.

44. More specifically, Plaintiff was a qualified individual with a disability. She suffers from impairments which substantially limited one or more major life activities. Plaintiff's disabilities impact one or more of her internal bodily processes, as shown herein. And, Plaintiff had a record of disability and was regarded as disabled because she had an actual or perceived impairment at the time she was terminated.

45. Despite her impairments, Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations at all relevant times hereto.

46. Plaintiff was terminated under circumstances giving rise to an inference of discrimination.

47. The matters alleged above also constitute retaliation for having requested reasonable accommodations in violation of the ADA and ADAAA. Plaintiff is entitled to relief because she is a qualified individual with a disability; she engaged in protected activity by requesting reasonable accommodations; she suffered adverse actions subsequent to the protected activity and a causal link exists between the protected activity and the adverse actions.

48. As damages, Plaintiff has suffered lost income, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of

1991.

49. Because the actions of Defendants were willful, wanton or, at least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

### COUNT II: ADEA

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

50. The matters alleged above constitute violations of the ADEA in the form of age discrimination.

51. Plaintiff is entitled to relief under the ADEA because at all relevant times hereto, Plaintiff was over the age of forty (40), was qualified for her job, Plaintiff suffered adverse employment actions, including discharge and failure to re-hire, and her job was not eliminated after her employment ended.

52. As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries and is entitled to recovery of all damages, including, but not limited to lost income, past and future, liquidated damages, based on the willfulness of Defendants' violation of the ADEA, and all other damages allowed by the Civil Rights Act of 1991.

### COUNT III: Title VII - Gender

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

53. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of gender discrimination, sexual harassment, the creation of a

sexually hostile work environment, and retaliation.

54. Plaintiff is entitled to relief under Title VII for gender discrimination because Plaintiff is female; she was qualified for her job; she was terminated and not re-hired; and her job/job duties were not eliminated.

55. Plaintiff is also entitled to relief under Title VII for sexual harassment and the creation of a sexually hostile work environment, as looking at the totality of the circumstances, Plaintiff was subject to conduct of a sexual nature. Moreover, the conduct was unwelcome; and the conduct was sufficiently severe or pervasive to alter the terms, conditions or privileges of her employment.

56. Plaintiff is also entitled to relief under Title VII for retaliation because Plaintiff engaged in protected opposition to sexual harassment; she suffered adverse actions subsequent to the protected activity; and a causal link exists between the protected activity and the adverse actions.

57. As damages, Plaintiff has suffered lost income, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

58. Because the actions of Defendants were willful, wanton or, at least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT IV: 42 U.S.C. § 1981

For her fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

59. The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race discrimination.

60. Plaintiff is entitled to relief because Defendants are one of those unusual employers who discriminate against the majority race; Plaintiff was qualified for her job; she was terminated and not re-hired; and her job was not eliminated.

61. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

62. Because the actions of Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT V: Title VII – Race

For her fifth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

63. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of race discrimination.

64. Plaintiff is entitled to relief under Title VII for race discrimination because Defendants are one of those unusual employers who discriminate against the majority race; Plaintiff was qualified for her job; she was terminated and not re-hired; and her job was not eliminated.

65. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of

1991.

66. Because the actions of Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

### REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendants and assess actual, compensatory, emotional distress, punitive damages and liquidated damages, together with pre- and post-judgment interest, costs, attorney's fees and such other relief under federal and Oklahoma state law as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 28TH DAY OF FEBRUARY, 2023.**

        s/ Jana B. Leonard
        JANA B. LEONARD, OBA# 17844
        SHANNON C. HAUPT, OBA #18922
        KARINA R. LUECK, OBA #35171
        LEONARD & ASSOCIATES, P.L.L.C.
        8265 S. WALKER
        OKLAHOMA CITY, OK 73139
        (405) 239-3800     (telephone)
        (405) 239-3801     (facsimile)
        leonardjb@leonardlaw.net
        haupts@leonardlaw.net
        lueckkr@leonardlaw.net
        JURY TRIAL DEMANDED
        ATTORNEY LIEN CLAIMED